## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

In re:

Stephen W. Elliott and Linda J. Elliott,

              Debtors

Chapter 13
Case No. 16-10039

## ORDER DENYING MOTION TO EXTEND

According to the debtors, the motion to allow and disallow claims was due in this case by October 24, 2016. Four days before that deadline, the debtors moved the Court for an order extending the deadline to February 28, 2017. Believing that a four-month extension would unduly delay the administration of the case, the Court extended the deadline by approximately two months, to December 23, 2016. On December 23, the debtors did not file the motion to allow and disallow. Instead, they moved the Court for another extension, this time seeking an extension until March 18, 2017. *See* Motion to Extend Time to File the Motion to Allow and Disallow [Dkt. No. 135] (the "Motion").

The Court is not persuaded by the debtors' argument that the possibility of a late-filed proof of claim—by a creditor that was not given notice of the commencement of the case, or of the bar date for filing proofs of claim, or of any other deadline established in the case—is a sufficient reason to delay the filing of a motion seeking the allowance and disallowance of claims. This Court's Local Rules do not authorize the debtors to extend, by their unilateral act, the bar date for the filing of proofs of claim; extensions of the bar date are governed by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 3002(c); 9006(b)(3). The debtors have not asked the Court to extend the bar date, and the Court has not done so. Perhaps the debtors' failure to schedule the debts owed to Advanced Collection Services and Affiliated

Healthcare Management has implications for the dischargeability of those debts. *See* 11 U.S.C. § 523(a)(3); 11 U.S.C. § 1328(a)(2). The Court is not deciding that question today. For now, the Court is not satisfied that the recent activity with respect those creditors to is sufficient cause for an extension of the deadline to file the motion to allow and disallow.

The Motion is denied. The debtors are ordered to file their motion to allow and disallow within seven (7) days after the date of this order, and to set the motion for hearing on the first regular hearing date that would afford the requisite amount of notice under the applicable parts of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. Failure to comply with this deadline may result in dismissal or conversion of the case.

Dated: January 13, 2017

Michael A. Fagone
United States Bankruptcy Judge
District of Maine